IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

                                   CIV. S-09-145 JAM GGH

     Plaintiff,

  v.                                STATUS (Pre-trial
                                      Scheduling) ORDER

ROBERT R. RING,

     Defendant.
_____/

       After review of the Joint Status Report, the court makes the following order:

### SERVICE OF PROCESS

  All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

  No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

1

<u>JURISDICTION AND VENUE</u>

Jurisdiction and venue are not contested.

<u>FICTITIOUSLY-NAMED DEFENDANTS</u>

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

<u>MOTION HEARINGS SCHEDULES</u>

All dispositive motions shall be filed by July 21, 2010. Hearing on such motions shall be on August 18, 2010 at 9:00 a.m. **The parties are reminded of the notice requirements as outlined in Local Rule 78-230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

**THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE DAY DUE.**

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u> are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for

1  the failure to file the appropriate pre-trial motion.

2  **Unless prior permission has been granted, memoranda of law**

3  **in support of and in opposition to motions are limited to twenty-**

4  **five (25) pages, and reply memoranda are limited to ten (10)**

5  **pages.  The parties are also cautioned against filing multiple**

6  **briefs to circumvent this rule.**

7  <u>DISCOVERY</u>

8  All discovery shall be completed by June 23, 2010.  In this

9  context, "completed" means that all discovery shall have been

10  conducted so that all depositions have been taken and any

11  disputes relative to discovery shall have been resolved by

12  appropriate order if necessary and, where discovery has been

13  ordered, the order has been complied with.

14  <u>DISCLOSURE OF EXPERT WITNESSES</u>

15  The parties shall make expert witness disclosures under

16  Fed. R. Civ. P. 26(a)(2) by April 9, 2010.  Supplemental

17  disclosure and disclosure of any rebuttal experts under

18  Fed. R. Civ. P. 26(a)(2)(c) shall be made by April 16, 2010.

19  Failure of a party to comply with the disclosure schedule as

20  set forth above in all likelihood will preclude that party from

21  calling the expert witness at the time of trial absent a showing

22  that the necessity for the witness could not have been reasonably

23  anticipated at the time the disclosures were ordered and that the

24  failure to make timely disclosure did not prejudice any other

25  party.  See Fed. R. Civ. P. 37(c).

26  All experts designated are to be fully prepared at the time

3

1 of designation to render an informed opinion, and give their

2 reasons therefore, so that they will be able to give full and

3 complete testimony at any deposition taken by the opposing

4 parties.  Experts will not be permitted to testify at the trial

5 as to any information gathered or evaluated, or opinion formed,

6 after deposition taken subsequent to designation.

7 <center>JOINT MID-LITIGATION STATEMENTS</center>

8     Not later than fourteen (14) days prior to the close of

9 discovery, the parties shall file with the court a brief joint

10 statement summarizing all law and motion practice heard by the

11 court as of the date of the filing of the statement, whether the

12 court has disposed of the motion at the time the statement is

13 filed and served, and the likelihood that any further motions

14 will be noticed prior to the close of law and motion.  The filing

15 of this statement shall not relieve the parties or counsel of

16 their obligation to timely notice all appropriate motions as set

17 forth above.

18 <center>FINAL PRE-TRIAL CONFERENCE</center>

19     The final pre-trial conference is set for October 1, 2010 at

20 2:00 p.m.  In each instance an attorney who will try the case for

21 a given party shall attend the final pretrial conference on

22 behalf of that party; provided, however, that if by reason of

23 illness or other unavoidable circumstance the trial attorney is

24 unable to attend, the attorney who attends in place of the trial

25 attorney shall have equal familiarity with the case and equal

26 authorization to make commitments on behalf of the client.  All

<center>4</center>

1  <u>pro</u> <u>se</u> parties must attend the pre-trial conference.

2      Counsel for all parties and all <u>pro</u> <u>se</u> parties are to be

3  fully prepared for trial at the time of the pre-trial conference,

4  with no matters remaining to be accomplished except production of

5  witnesses for oral testimony.  The parties shall file with the

6  court, no later than seven days prior to the final pre-trial

7  conference, a <u>joint</u> pre-trial statement.

8  **Also at the time of filing the Joint Pretrial Statement, counsel**

9  **are requested to e-mail the Joint Pretrial Statement in WPD or**

10 **Word format to Judge Mendez's assistant, Jane Pratt**

11 **at: jpratt@caed.uscourts.gov.**

12     Where the parties are unable to agree as to what legal or

13 factual issues are properly before the court for trial, they

14 should nevertheless list all issues asserted by any of the

15 parties and indicate by appropriate footnotes the disputes

16 concerning such issues.  The provisions of Local Rule 16-281

17 shall, however, apply with respect to the matters to be included

18 in the joint pre-trial statement.  Failure to comply with Local

19 Rule 16-281, as modified herein, may be grounds for sanctions.

20     The parties are reminded that pursuant to Local Rule

21 16-281(b)(10) and (11) they are required to list in the final

22 pre-trial statement all witnesses and exhibits they propose to

23 offer at trial, no matter for what purpose.  These lists shall

24 not be contained in the body of the final pre-trial statement

25 itself, but shall be attached as separate documents so that the

26 court may attach them as an addendum to the final pre-trial

5

order.  The final pre-trial order will contain a stringent
standard for the offering at trial of witnesses and exhibits not
listed in the final pre-trial order, and the parties are
cautioned that the standard will be strictly applied.  On the
other hand, the listing of exhibits or witnesses that a party
does not intend to offer will be viewed as an abuse of the
court's processes.

     The parties are also reminded that pursuant to Rule 16,
Fed. R. Civ. P., it will be their duty at the final pre-trial
conference to aid the court in: (a) formulation and
simplification of issues and the elimination of frivolous claims
or defenses; (b) settling of facts which should properly be
admitted; and (c) the avoidance of unnecessary proof and
cumulative evidence.  Counsel must cooperatively prepare the
joint pre-trial statement and participate in good faith at the
final pre-trial conference with these aims in mind.  A failure to
do so may result in the imposition of sanctions which may include
monetary sanctions, orders precluding proof, elimination of
claims or defenses, or such other sanctions as the court deems
appropriate.


                          TRIAL SETTING

     Jury trial in this matter is set for November 15, 2010 at
9:00 a.m.  The parties estimate a trial length of approximately 3
to 5 days.

1

<u>SETTLEMENT CONFERENCE</u>

2    No Settlement Conference is currently scheduled.  If the

3  parties wish to have a settlement conference, one will be

4  scheduled at the final pretrial conference or at an earlier time

5  upon request of the parties.

6

7

<u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

8    This Status Order will become final without further Order of

9  Court unless objection is lodged within seven (7) days of the

10  date of the filing of this Order.

11    IT IS SO ORDERED.

12  Dated: June 24, 2009

13

14

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26